UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEBRASKA

| | |
|---|---|
| In Re: | Case No.: BK 19-80842 |
| | Chapter 7 |
| Julie Ann Stepanek | |
| Debtor. | |

## ORDER

Debtor Julie Ann Stepanek petitioned for relief under Chapter 7 of the Bankruptcy Code on May 31, 2019.  On Schedule D, Debtor listed a debt to Specialized Loan Servicing, LLC secured by a mortgage lien against her residence.  The Court granted Debtor a bankruptcy discharge pursuant to 11 U.S.C. § 727 on August 30, 2019, and closed this case on September 4, 2019.  Over a year later, Debtor seeks to reopen her case to reaffirm her debt to Specialized Loan Servicing.  See Doc. 14.

Section 350(b) of the Bankruptcy Code provides, "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."  11 U.S.C. § 350.  While the Court has broad discretion to decide whether a case should be reopened, it should only reopen the case when the movant demonstrates a compelling reason for this request.  Mid-City Bank v. Skyline Woods Homeowners Assoc. (In re Skyline Woods Country Club, LLC), 431 B.R. 830, 835 (B.A.P. 8th Cir. 2010).

Debtor seeks to reopen her case to file a reaffirmation agreement, asserting that she was not granted an opportunity to reaffirm her debt to Specialized Loan Servicing before the Court granted her a discharge.  She also claims that Specialized Loan

1

Servicing either refuses to or cannot accurately report her mortgage payments to credit bureaus unless she reaffirms her debt.  Unfortunately, for the reasons discussed below, the Court must decline her request to file a reaffirmation agreement.

With certain exceptions, the Bankruptcy Code grants individual Chapter 7 debtors a discharge of their debts.  See 11 U.S.C. §§ 523, 727.  Debtors may, however, agree to repay or reaffirm certain debts, which are then excepted from discharge.  See 11 U.S.C. § 524.  "A reaffirmation agreement shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a) of the Code."  Fed. R. Bankr. P. 4008.  "The court may, at any time and in its discretion, enlarge the time to file a reaffirmation agreement."  Id.

Section 524(c) governs the enforceability of reaffirmation agreements. Subparagraph one provides that a reaffirmation agreement is enforceable only to the extent enforceable under applicable nonbankruptcy law and only if the agreement was made before the granting of a discharge under section 727, 1141, 1192, 1228, or 1328. 11 U.S.C. § 524(c)(1).  Accordingly, if a debtor and a creditor enter into a reaffirmation agreement after the granting of a discharge, the agreement is unenforceable.[1]

---

[1] See In re Minor, 2012 WL 4482575, at *2 (Bankr. N.D. Iowa Sept. 26, 2012) ("The elements of a valid reaffirmation agreement are . . . the debtor must enter into a reaffirmation agreement prior to discharge . . ."); In re McKeever, 2012 WL 1302621, at *2 (Bankr. S.D. Iowa Apr. 16, 2012) ("The language of [section 524(c)] is unambiguous as to the requirement that the reaffirmation agreement must be made prior to the discharge date."); In re Smith, 2012 WL 441322, at *1 (Bankr. N.D. Ohio Feb. 10, 2012) ("Both the statute and applicable case law made it clear that a reaffirmation agreement will not be enforceable if it is not made before the granting of a discharge); In re Nichols, 2010 WL 4922538, at *2 (Bankr. N.D. Iowa Nov. 29, 2010) ("There is no bankruptcy code provision allowing debtors to set aside the discharge, or allowing the discharge to be set aside to reaffirm a debt."); In re Salas, 431 B.R. 394, 396 (Bankr. W.D. Tex. 2010) (holding that if a reaffirmation agreement is entered subsequent to discharge, it will not be a valid or effective reaffirmation agreement); In re Collins, 243 B.R. 217,

The timing requirement of section 524(c)(1) is strictly construed.  See In re Herrera, 380 B.R. 446, 450-51 (Bankr. W.D. Tex. 2007) ("Because reaffirmation agreements are effectively waivers of discharge with respect to a particular creditor, they are *exceptions* to the 'fresh start' policy of the bankruptcy process.  As such, the reaffirmation exception is strictly construed, and the requirements imposed for their enforceability are themselves enforced rigidly." (internal citation omitted) (emphasis in original)).[2]  It cannot be waived or extended.  In re Nichols, 2010 WL 4922538, at *2 (Bankr. N.D. Iowa Nov. 29, 2010) (citing In re Golladay, 391 B.R. 417, 424 (Bankr. C.D. Ill. 2008)).[3]  Courts faced with a motion seeking to vacate a discharge to permit a debtor to file a reaffirmation agreement typically decline to do so because such an order circumvents the deadline imposed under section 524(c)(1).  See, e.g., In re Nichols, 2010 WL 4922538, at *1; In re Owens, 2010 WL 711240, at *1-2 (Bankr. E.D. Tenn. Feb. 25, 2010); In re Golladay, 391 B.R. at 421-24; In re Engles, 384 B.R. 593, 596-99 (Bankr. N.D. Okla. 2008); In re Wilhelm, 369 B.R. 882, 883-84 (Bankr. M.D.N.C. 2007).

---

219-21 (Bankr. D. Conn. 2000) (striking a reaffirmation agreement from the record because it was made after discharge and was therefore unenforceable).

[2] See also In re Stewart, 355 B.R. 636, 639 (Bankr. N.D. Ohio 2006) ("[B]ecause 'reaffirmation agreements are not favored,' strict compliance with § 524(c) is mandated."); 4 Collier on Bankruptcy ¶ 524.04 (16th ed. 2020).

[3] See also In re Herrera, 380 B.R. 446, 450 (Bankr. W.D. Tex. 2007) ("[T]he deadline for making the [reaffirmation] agreement is a hard deadline, one which cannot be altered even by the agreement of both parties to the proposed agreement."); In re Parthemore, 2013 WL 3049291, at *2 (Bankr. N.D. Ohio June 17, 2013) ("Bankruptcy Rule 4008(a) does afford the court discretion, 'at any time,' to enlarge the deadline for filing a reaffirmation agreement. However, even if the court were inclined to do so, this issue is moot since the proposed reaffirmation agreement does not strictly comply with the 'made before the granting of the discharge requirement' of § 524(c)(1).  Notwithstanding that the filing deadline may be extended by the court 'at any time,' the Bankruptcy Code still requires reaffirmation agreements to be entered into before a debtor's discharge.").

The Court granted Debtor a discharge on August 30, 2019.  Because Debtor and Specialized Loan Servicing did not enter into a reaffirmation agreement prior to discharge, any agreement seeking to reaffirm unsecured debt would be unenforceable under the Bankruptcy Code.  Granting Debtor's motion to reopen this case for the purpose of filing a reaffirmation agreement would, therefore, be futile.[4]

Therefore, IT IS ORDERED that Debtor's Motion to Reopen Case to File a Reaffirmation Agreement [Doc. 14] is DENIED.

Dated:  October 26, 2020.

*Shon Hastings*

Shon Hastings, Judge
United States Bankruptcy Court

---

[4] In re Judson, 586 B.R. 771, 774 (Bankr. C.D. Cal. 2018) ("For the foregoing reasons, no valid reaffirmation agreement may be entered into or filed and the Court does not have jurisdiction over the state law claims. In short, reopening the case for either of these purposes would be futile. Thus, there is no cause to reopen the Debtor's bankruptcy case. The Motion is DENIED without prejudice."); In re Sallad, 2016 WL 1442364, at *2 (Bankr. M.D. Ga. Feb. 29, 2016) (denying Debtor's motion to reopen as futile because the reaffirmation agreements were not made prior to discharge); In re Scott, 2017 WL 10719712, at *1 (Bankr. E.D. Wash. Aug. 29, 2017).